**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ARTHUR J. CLEMENS, JR., <br><br>     *Plaintiff,* <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.* <br><br>     *Defendants.* | No. 4:25-cv-1658-MAL |

**MEMORANDUM AND ORDER**

Before the Court is SSM Saint Louis University Hospital's (SSM-SLUH) Motion to Dismiss Counts IX and X (Doc. 12) and Plaintiff Clemens's Motion to Dismiss Count X (Doc. 28). For the following reasons, the Court **GRANTS** SSM-SLUH's Motion and dismisses Counts IX and X.

## I.    Facts & Background

Clemens's fourteen-count Complaint brings causes of actions against SSM-SLUH, among others (Doc. 1). Counts IX and X are relevant to this motion to dismiss.

Count IX alleges that Clemens was admitted to SSM-SLUH hospital where Nurse Rachel Hampton introduced Clemens to Doctor Jane Doe. *Id*. at 13–14 ¶ 2–4. Clemens states that Doctor Jane Doe diagnosed him with a heart problem requiring drug treatment, but he believes that actually his drink was drugged, and when the drug wore off, his heart would be fine. *Id*. at ¶¶ 6–7. Clemens then asks the court to recognize there is a possibility of an ongoing effort by a John Doe criminal enterprise to hospitalize him to cause him harm. *Id*. at 15.

Count X alleges that Clemens filed a complaint with SSM-SLUH, and the hospital identified Doctor Jane Doe as Nurse Maria Martin. *Id*. at 15 ¶ 1. Clemens alleges that SSM-SLUH had possession of his blood and urine samples, and Clemens

requested that SSM-SLUH preserve these so that Clemens could have them further tested, but he was told by an SSM-SLUH representative that the samples were destroyed after seven days. *Id.* at 15–16 ¶¶ 4, 8. Clemens states the Veterans Administration was billed for these tests. *Id.* at ¶ 9. Clemens alleges that these actions constitute obstruction of justice and destruction of evidence. *Id.* at 16 ¶ 10. He also requests to take depositions of Nurse Martin and Nurse Hampton. *Id.* at 15 ¶ 2; 16. SSM-SLUH asks the Court to dismiss counts IX and X for failure to state a claim (Doc. 13).

## II.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of [the claim or element]." *Id*. at 556.  At this stage, the Court accepts as true the factual allegations in the complaint.  *Id*.

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The well-pled facts must establish more than a "mere possibility of misconduct." *Id*.

A pro se document should be liberally construed. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle*, 429 U.S. at 106 (quotation and citation omitted).  While pro se complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.   Application of Law to Facts

#### A.  Count IX

SSM-SLUH argues that Count IX does not identify any specific cause of action recognized under any federal or Missouri law (Doc. 13 at 4).  The Court liberally construes Clemens to argue Count IX is "directed to Jane Doe." (Doc. 28 at 1).

The Court agrees with SSM-SLUH that Clemens does not specify any facts which could plausibly create a cause of action against SSM-SLUH.  Though Clemens's Complaint does not specify who Count IX is directed at, Clemens clarifies in his responsive motion that Count IX is directed at Jane Doe (Doc. 28 at 1).  To the extent Count IX could be construed to include liability against SSM-SLUH (for example, through a *respondeat superior* theory of liability), the Court dismisses for failure to state a claim.  A complaint "must contain either direct or inferential allegations respecting ***all the material elements*** necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (emphasis added).  Clemens does not plead facts that could demonstrate material elements of a claim.  "Even the liberal standards of notice pleading require some factual allegations that state a cause of action and put a party on notice of the claim against it." *Mattes v. ABC Plastics, Inc.*,

323 F.3d 695, 699 (8th Cir. 2003).  Clemens has not pled factual allegations which state a cause of action, and the Court cannot infer what legal claim Clemens is bringing.  This does not put SSM-SLUH on fair notice of what claim Clemens is bringing against it.  Clemens's narration of his night at SSM-SLUH hospital does not state a plausible claim because Clemens does not identify any activity that could be construed as the basis for a legal action.  The Court dismisses any Count IX claim against SSM-SLUH.

### B.  Count X

SSM-SLUH argues that because Count X is a criminal offense enforced by prosecutors, it is not a recognized civil cause of action (Doc. 13 at 5).  Clemens does not appear to address this argument in his Response opposing the Motion to Dismiss (Doc. 28).  In fact, Clemens's Response itself asks the Court to dismiss his tenth cause of action without prejudice.  *Id*. at 4.

The Court agrees with SSM-SLUH and dismisses Count X.  Obstruction of justice is a criminal offense with no private cause of action, and Clemens fails to plead the facts necessary to state a claim for civil obstruction of justice.  *See Edwards v. Edwards*, 2023 WL 7305026, at *8 (D.S.D. Nov. 6, 2023) (criminal statutes such as obstruction of justice do not automatically give rise to a private right of action); *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (noting that the "plaintiff bears the burden to demonstrate that the statute at issue confers a federal right on the plaintiff."); 18 U.S.C. §§ 1501–1521 (2018) (obstruction of justice statutes).  Clemens cannot enforce a criminal statute without a private right of action.  *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  Because there is no private right of action to enforce the obstruction of justice statutes, *see Edwards*, 2023 WL 7305026, at *9 (collecting cases), Clemens cannot maintain a claim on these grounds.  The Court dismisses Count X.

\*     \*     \*

Regarding Clemens's request to take depositions of Nurse Martin and Nurse Hampton, this request is denied, as it is not a recognized motion.  Clemens may

request depositions by following the applicable Federal Rules of Civil Procedure. If a discovery dispute arises regarding depositions or any other discovery, Clemens may bring such dispute to the Court only after complying with the Court's Requirements regarding discovery disputes, which can be found at https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/Judge%20Lanahan%20Requirements_0.pdf.

### CONCLUSION

SSM-SLUH's Motion to Dismiss Counts IX and X (Doc. 12) is **GRANTED**, Clemens's Motion to Dismiss Count X (Doc. 28) is **GRANTED**, and Clemens's request to take depositions of Nurse Martin and Hampton is **DENIED**.

**SO ORDERED,**

This 4th day of August, 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE