**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ARTHUR J. CLEMENS, JR.,

*Plaintiff,*

v.

UNITED STATES OF AMERICA, et al.

*Defendants.*

No. 4:25-cv-1658-MAL

## MEMORANDUM AND ORDER

Before the Court is the United States' Motion to Dismiss (Doc. 36). For the following reasons the Court **GRANTS** the Motion to Dismiss counts I, II, IV, V, VI, VII, and XI against both the United States and the Veterans Administration (VA).

**Facts and Background**

Clemens brings a fourteen-count complaint against, among others, the VA and the United States (Doc. 1). Relevant to this Motion to Dismiss are counts I, II, IV, V, VI, VII and XI. Clemens's Complaint mostly revolves around the fact that he is a Vietnam veteran who received inadequate medical treatment or received treatment against his will. *Id*. at 1-2. Clemens alleges the medical treatment was deliberate racketeering designed to cause him physical, emotional, psychological, and financial harm. *Id*. at 2. Clemens also alleges there is a John Doe Criminal Enterprise that in some cases cooperates with his relatives that plans racketeering activities against him. *Id*. at 20.

The United States moves to dismiss Counts I, II, IV, V, VI, VII, and XI (Doc. 37 at 1). The United States argues that Counts I, II, IV, and VII fail to state a claim upon which relief can be granted (Doc. 37 at 3). The United States moves to dismiss Counts V, VI, and XI for lack of subject matter jurisdiction (Doc. 37 at 6).

# I. Application of Law to Facts

## A. Counts I, II, IV, and VII are dismissed

### 1. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. At this stage, the Court accepts as true the factual allegations in the complaint. *Id.*

Determining whether well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id.*

A "pro se document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotation and citation omitted). While pro se complaints are liberally construed, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**2. Application of Law to Facts**

**a. Count I**

In Count I, Clemens alleges that the United States "d/b/a Veterans Administration" breached its contractual relationship with him by failing to provide competent medical care in return for Clemens's service in the Armed Forces (Doc. 1 at 1). He also appears to make a racketeering claim. (Doc. 1 at 2, ¶ 8).

The Court must dismiss *sua sponte* any claims lacking subject matter jurisdiction. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). And the Court lacks subject matter jurisdiction in cases where the defendant enjoys sovereign immunity. *Id.* Therefore, the Court must dismiss any of Clemens's claims against which the United States and the VA enjoy sovereign immunity.

In general, "[s]overeign immunity shields the Federal Government and its agencies from suit." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). But Congress may waive the federal government's sovereign immunity. *Id.* Congress has done so for contract claims, but the scope of the waiver is limited. *See* 28 U.S.C. §§ 1346(a) and 1491(a). Specifically, under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over contract claims seeking more than $10,000. *United States v. Bormes*, 568 U.S. 6, 10 n.2 (2012); *see also* 28 U.S.C. §§ 1346(a) and 1491(a). Here, the Court of Federal Claims has exclusive jurisdiction over Clemens's contract claims because he seeks far more than $10,000. In fact, he seeks over $10 million against the United States and the VA for breach of contract (Doc. 1 at 3). Thus, the breach of contract claims in Count I are dismissed for lack of jurisdiction.

Clemens' racketeering claims suffer from a similar defect. The RICO Act permits civil actions for racketeering activity that violates the Act's criminal provisions. 18 U.S.C. § 1964(c). But RICO claims, like all other civil claims against the federal government, must fall within some statutory waiver of sovereign

immunity. *See Mader*, 654 F.3d at 797. Moreover, although Congress can waive the federal government's sovereign immunity, waivers "must be unmistakably clear in the language of the statute." *Department of Agricultural Rural Development Rural Housing v. Kirtz*, 601 U.S. 42, 49 (2024). The RICO statute does not come close to waiving sovereign immunity with unmistakable clarity.

The only plausible remaining candidate for a statutory waiver of sovereign immunity would be the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2671 *et seq*. But the Supreme Court's reasoning in *FDIC v. Meyer* strongly suggests that the FTCA does not waive sovereign immunity for RICO claims. 510 U.S. 471, 475–79 (1994). The Supreme Court interpreted an earlier version of the FTCA, and its analysis remains instructive. According to the Supreme Court, the earlier FTCA holds the federal government liable like a private person "in accordance with the law of the place where the act or omission occurred." *FDIC*, 510 U.S. at 477 (quoting the earlier version of the FTCA). The Court found that the "law of the place" language refers to state law, not federal law. 510 U.S. at 478. Similar "law of the place" language appears in the current FTCA, so it likely has the same meaning. *See* 28 U.S.C. §§ 2672, 2674. It follows that the current FTCA does not cover federal statutory claims, including RICO claims. Thus, the racketeering claims in Count I are dismissed for lack of jurisdiction.

**b. Count II**

In Count II, Clemens alleges the doctor at Veterans Advantage Clinic (which is separate from the VA) wrongly refused to treat Clemens's foot problems and requests $4,000 in damages against the United States (Doc. 1 at 3, ¶¶ 1–6, 4). The United States argues that the Court should dismiss Count II because (1) the clinic Clemens alleges treated him incorrectly is not affiliated with the VA and (2) because the doctor Clemens saw is not a VA employee (Doc. 37 at 4).

The claim Clemens appears to be trying to bring is a respondeat superior claim against the United States for medical malpractice, as the United States is the only party against whom Clemens requests damages for this Count (Doc. 1 at 4). But the United States did not do the alleged actions—Dr. Payton did. *Id.* Clemens does allege

that the VA paid Dr. Payton (Doc. 1 at 4, ¶ 7). But that fact is entirely consistent with Dr. Payton being an independent contractor rather than an employee. *Cf. Huggins v. Ground Package System, Inc.,* 592 F.3d 853, 857–58 (8th Cir. 2010) (Respondeat superior liability does not apply to independent contractors). The Court accordingly dismisses Count II for failure to state a claim.

**c. Count IV**

Count IV asks the Court to find the United States liable under respondeat superior and the Federal Tort Claims Act for actions taken by the Veterans Outpatient Clinic and its employee Dr. Mathur (Doc. 1 at 5–7). The United States argues that this Court should dismiss Count IV because it fails to allege any negligent wrongdoing by the VA (Doc. 37 at 5). Clemens argues that because the United States has not filed an Answer, it admits all the facts in Clemens's Complaint (Doc. 48 at 4). The Court dismisses this count.

Clemens fails to allege any wrongdoing that would lead to respondeat superior liability. "Under the doctrine of respondeat superior, an employer is liable for the misconduct of an employee where that employee committed such misconduct within the course and scope of his employment." *Higgenbotham v. Pit Stop Bar & Grill, LLC*, 548 S.W.3d 323, 328 (Mo. App. 2018). Clemens does not identify any of the elements of a respondeat superior claim, such as who is the wrongdoing employee, what specific wrong the employee committed, and how this wrong was within the course and scope of employment with the United States (Doc. 1 at 5–7).

Clemens likewise fails to establish FTCA liability. *See* 28 U.S.C. § 2674 (stating that the United States shall be liable for tort claims in the same manner as a private individual in like circumstances). But Clemens identifies no tort—let alone any elements—which would lead to liability for the United States (Doc. 48). Count IV does not allege facts that the United States or the VA committed any torts. Clemens's only argument to the contrary is that the United States admitted the facts in the Complaint because the United States has not filed an answer (Doc. 48 at 4). But that conclusion is incorrect. The Court assumes that a defendant admits the facts of a complaint when no answer has been filed *only after* an answer is due. Fed.

R. Civ. P. 8(b)(6). No admission occurred here because no answer is currently due. That is, a party need not serve an answer until fourteen days after the Court denies a motion to dismiss. Fed. R. Civ. P. 12(a)(4). Accordingly, the Court dismisses Count IV.

**d. Count VII**

The United States asks this Court to dismiss Count VII on the grounds that 18 U.S.C. § 1512 is a criminal statute that cannot form the basis of a civil complaint (Doc. 37 at 5). The Court agrees and so grants the motion to dismiss Count VII.

**Counts V, VI, and XI are dismissed.**

The United States argues that Counts V and VI should be dismissed because (1) they are brought under the Federal Tort Claims Act (FTCA), (2) claims cannot be made under the FTCA without first presenting the claim in writing to the appropriate Federal agency within two years and having that claim finally denied by the agency, and (3) (the United States infers that) there is no allegation in the Complaint that Clemens actually presented his claim to the agency within the requisite two years (Doc. 37 at 6).

This Court agrees. In Counts V and VI, Clemens alleges tortious conduct by the VA Medical Center in Marion, Indiana in 1979 and 1980—which included being involuntarily confined at a VA facility and being given medication against his will (Doc. 1 at 7–8).[1] Under the doctrine of sovereign immunity, claims cannot be brought against the United States and its agencies unless the United States expressly waives its sovereign immunity. *Two Eagle v. United States*, 57 F.4th 616, 621 (8th Cir. 2023). As applicable here, one waiver of sovereign immunity is the FTCA. *Id.*; 28 U.S.C. § 2674. But as noted by the United States, a plaintiff cannot bring an FTCA claim without first presenting that claim in writing to the agency within two years. 28 U.S.C. § 2401(b). *Likins v. United States*, 589 F. App'x 799, 800 (8th Cir. 2014)

[1] Clemens alleges the VA's actions constitute violation of his right to refuse treatment "under USC 38-610, which has since been replaced in the code by USC 38-710 (*See* Exhibit X)." The regulation 38 C.F.R. § 38.710 simply describes the purpose of the Veterans Legacy Grant Program, which is inapposite here. The printout of Section 610 that Clemens includes in Exhibit X (Doc. 1 at 110) does not grant any right to refuse treatment.

("FTCA actions are subject to a two-year statute of limitations."). The two-year statute of limitations applies to claims brought against the VA. *See* 28 U.S.C. § 2401 (claims must be "presented in writing to the appropriate Federal agency"); 38 U.S.C. § 301 (Department of Veteran Affairs is a federal agency). Further, a plaintiff bringing an FTCA claim must allege that it has done this *in the complaint*. *Osborn v. United States*, 918 F.2d 724, 728 (8th Cir. 1990) ("Compliance with the statute of limitations of 28 U.S.C. § 2401(b) is a jurisdictional *prerequisite* to suit under the Federal Tort Claims Act.") (emphasis added); *see also Likins*, 589 Fed. App'x at 801 (affirming dismissal of action where FTCA claim was time-barred). Here, Clemens' Complaint fails to allege that he notified the FTCA within two years of the wrongs he alleges in Counts V and VI (Doc. 1 at 7–10). Therefore, this Court dismisses Counts V and VI for failure to exhaust remedies with the agency.

**a. Count XI**

In Count XI, Clemens requests an administrative response from the United States relating to his allegation that the VA is responsible for damages from acts of St. Louis University Hospital (SLUH) under the legal theory of FTCA *respondeat superior*. (Doc. 1 at 16–17). The United States argues that this Court should dismiss Count XI because FTCA complaints are strictly limited to scope-of-employment analysis and that Clemens fails to allege that the SLUH medical providers were acting in the scope of federal employment at the time of Clemens's treatment (Doc. 37 at 7). The Court agrees.

Sovereign immunity bars claims against the United States, except where the United States waives its immunity. *Two Eagle*, 57 F.4th at 621. The FTCA waives sovereign immunity for tort claims committed by federal employees. *Id.* But for a plaintiff to sue the government under the FTCA, the employee who allegedly committed a tort must have been acting within the scope of government employment at the time he or she committed the tort. 28 U.S.C. § 1346(b)(1) (requiring FTCA claims to be brought for "act[s] or omission[s] of any employee of the Government while acting within the scope of his office or employment"); *St. John v. United States*,

240 F.3d 671, 676 (8th Cir. 2001) ("FTCA claims are strictly limited to a scope of employment analysis, regardless of state law doctrines of respondeat superior and apparent authority).

Clemens's Complaint alleges no facts demonstrating that SLUH employees were acting as employees of the United States or the VA when they allegedly committed torts (Doc. 1 at 16–17). Thus, the Court dismisses Count XI for lack of jurisdiction.

## II. Service Upon Other Defendants

At this point, the Court has dismissed certain claims against the United States and SSM Saint Louis University Hospital (Doc. 58). This action also appears to be against Dr. Payton, John Doe, and John Doe Criminal Enterprise. Federal Rule of Civil Procedure 4(m) requires that a defendant be served within ninety days after the complaint is filed, and if the defendant is not served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specific time." More than ninety days has passed since Clemens has filed his Complaint. *See* Doc. 1 (filed November 7, 2025). Clemens must serve any defendant whom he has not served by October 5, 2026, or otherwise file a statement showing good cause for failure to serve. Failure to serve defendants by that date, without good cause, will result in the dismissal of the action against those defendants.

## CONCLUSION

The United States's Motion to Dismiss (Doc. 36) is **GRANTED** with respect to counts I, II, IV, V, VI, VII, and XI. Clemens is required to serve any unserved defendants by October 5, 2026 or otherwise brief the court on why there is good cause for not doing so.

**SO ORDERED,**

This 14th day of September, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE