**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ARTHUR J. CLEMENS, JR.,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN DOE CRIMINAL ENTERPRISE, et al.,<br><br>*Defendants.* | No. 4:25-cv-1658 MAL |

**MEMORANDUM AND ORDER**

The Court issued an order directing Plaintiff Clemens to serve process on the remaining defendants or give good cause for failure to serve by October 5, 2026. (Doc. 59 at 8). Clemens did not serve anyone. (Doc. 62). Instead, he filed a statement of his reasons for failing to serve anyone. (Doc. 62). The Court **DISMISSES** all of Clemens's remaining claims.

## I. Legal Standard

Rule 4(m) of the Federal Rules of Civil Procedure governs the time allotted for a plaintiff to serve process on all defendants in a case. Fed. R. Civ. P. 4(m). Plaintiffs generally have 90 days to serve process. *Id.* But if a plaintiff fails to serve process within 90 days, the Court may "order that service be made within a specified time." *Id.* The clear implication is that the Court may dismiss the case if the plaintiff fails to serve within that specified time. But the Court must extend the time for service if the plaintiff shows "good cause" for the failure to serve. *Id.*

## II. Application of Law to Facts

Clemens filed this lawsuit on November 7, 2025. (Doc. 1). In its Memorandum and Order of September 14, 2026, the Court extended the time for Clemens to serve any remaining unserved defendants until October 5, 2026. (Doc. 59 at 8). Clemens

has not served anyone. (Doc. 62). He gives various reasons why his case should not be dismissed, (Doc. 62), but the Court does not find any of his reasons convincing. Thus, Clemens's entire case must be dismissed.

**A. The claims against all named defendants must be dismissed.**

The claims against all unserved named defendants must be dismissed because Clemens has failed to show good cause for his failure to serve. Clemens claims that he cannot serve any of the remaining defendants because he needs discovery from the Justice Department and additional time to "draw up complaints as necessary and have them served." (Doc. 62 at 1). With respect to the named defendants, this makes no sense. Clemens knows the identities of the named defendants, so he does not need discovery in order to serve process. Moreover, he does not need time to draw up complaints because he has already filed his Complaint. (Doc. 1). Finally, Clemens does not need additional time to serve the named defendants because he has had almost a year to do so. Thus, Clemens lacks good cause for his failure to serve named defendants. All claims against unserved named defendants are **DISMISSED**.

**B. The claims against all unnamed defendants must be dismissed.**

The claims against all unnamed defendants must be dismissed. Clemens argues that he should be given discovery to determine the identities of the unnamed defendants. (Doc. 62 at 1). The Court disagrees.

**i. Legal Standard**

Plaintiffs generally cannot sue unnamed individuals. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). But "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Id.* Thus, the Court should permit reasonable discovery to identify unnamed parties if discovery is both necessary, *see* Fed. R. Civ. P. 26(b)(1), and likely to reveal the unnamed parties' identities. *Crandell*, 56 F.3d at 37.

**ii. Application of Law to Fact**

There are multiple unnamed defendants in this case. The Court will analyze them separately.

### A. Unnamed Individual Who Allegedly Drugged Clemens ("John Doe 1")

In his Complaint, Clemens alleges that an unnamed individual ("John Doe 1") drugged him on October 8, 2024. (Doc. 1 at 12). Clemens admits that he has no way to identify John Doe 1. (Doc. 1 at 12). But based on a vague allusion to MKULTRA, Clemens believes that the government may have employed John Doe 1 as part of a scheme to silence Clemens because of his views about the Deep State and the New World Order. (Doc. 1 at 12–13). These allegations are far too vague to warrant discovery. *See Crandell*, 56 F.3d at 37. Thus, Clemens's claims against John Doe 1 are **DISMISSED**.

### B. Unnamed Medical Practitioner ("Jane Doe 1")

Clemens alleges that he was wronged by an unnamed medical practitioner ("Jane Doe 1"). (Doc. 1 at 14). Clemens has specific allegations concerning her height, her hair color, her accent, and the date of his encounter with her (October 9, 2024) at St. Louis University Hospital ("SLUH"). (Doc. 1 at 13–14). The specificity of these allegations raises the question why Clemens has been unable to ascertain her identity in the past year. Moreover, Clemens admits that the hospital tentatively identified Jane Doe 1 as a nurse named Maria Martin. (Doc. 1 at 15). In light of these facts, the Court finds that Clemens has not shown good cause for his failure to identify Jane Doe 1 and serve her. Fed. R. Civ. P. 4(m). Thus, Clemens's claims against Jane Doe 1 are **DISMISSED**.

### C. Unnamed Staff Members at SLUH Hospital ("Medical John Does")

Clemens alleges that staff members at SLUH ("Medical John Does") engaged in obstruction of justice and destruction of evidence. (Doc. 1 at 15–16). Clemens mentions the SLUH Emergency Room receptionist and the Patient Advocate. (Doc. 1 at 15). Again, Clemens has not explained why he has been unable to ascertain the identities of the Medical John Does in the past year. Therefore, the Court finds that Clemens has not shown good cause for his failure to identify the Medical John Does and serve them. Clemens's claims against the Medical John Does are **DISMISSED**.

### D. Unnamed Pharmaceutical Companies ("John Doe Pharmaceutical Companies")

Clemens alleges that unnamed pharmaceutical companies ("John Doe Pharmaceutical Companies") bear responsibility for psychotropic drugs that were used against him. (Doc. 1 at 17–18). Here again, the specificity of Clemens's allegations raises the question why Clemens has been unable to ascertain the identities of the John Doe Pharmaceutical Companies in the past year. Clemens alleges that two kinds of psychotropic drugs were used against him: Navane and Mellaril. (Doc. 1 at 19).[1] Based on this information, Clemens should have been able to identify the makers of these drugs by now. The Court finds that Clemens has not shown good cause for his failure to identify the John Doe Pharmaceutical Companies and serve them. Clemens's claims against the John Doe Pharmaceutical Companies are **DISMISSED**.

### E. Unnamed Criminal Enterprise ("John Doe Criminal Enterprise")

Clemens alleges that he has been victimized by an unnamed Criminal Enterprise ("John Doe Criminal Enterprise"). (Doc. 1 at 20–21). The Complaint lacks details about the nature of the John Doe Criminal Enterprise. *See* Doc. 1 at 20–21. But an exhibit attached to the Complaint reveals that Clemens identifies the John Doe Criminal Enterprise with the "New World Order." (Doc. 1-1 at 139–149). Reasonable discovery probably would not reveal the identities of individuals associated with a hypothesized New World Order. *See Crandell*, 56 F.3d at 37. Thus, Clemens's claims against the John Doe Criminal Enterprise are **DISMISSED**.

[1] Clemens is not entirely consistent about whether he believes Navane was used against him. At one point in his Complaint, he claims that the drug was merely labeled Navane but was actually Sulfazin. (Doc. 1 at 7).

## Conclusion

The Court has dismissed all claims remaining in the case. Thus, Clemens's entire case is **DISMISSED**. The Court will issue a separate order of dismissal.

**SO ORDERED,**

This 20th day of October, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE